CASE 69—MANDAMUS—MARCH 30.

# Adams v. Stephens.

APPEAL FROM SHELBY CIRCUIT COURT.

1. LICENSE TO RETAIL LIQUOR—LICENSE FEES—MANDAMUS.—The present revenue law (chapter 92, General Statutes) has not repealed the special statutes giving to the different incorporated cities and towns in the State exclusive power to grant licenses to sell liquor by retail within their respective limits; and under section 10 of article 5 of that law, which provides that a license granted by a city or town having authority to grant the same shall be void, " unless the State license be obtained, and the State tax be paid before the grant thereof," it is not necessary for the applicant to do more than pay to the county clerk the State tax required in such cases, the clerk's receipt of such payment being all the State license required by that section of the statute.

Appellant, with a view of applying to the Board of Trustees for license to retail liquor in Shelbyville, tendered to the county clerk the amount of State tax required to be prepaid; and upon his refusal to receive the money, and give a receipt therefor, this action was instituted for a writ of mandamus to compel him to do so. *Held*—That the provisions of the charter of Shelbyville, giving the Board of Trustees the exclusive right to license all taverns, houses of public resort, etc., was not repealed by the present revenue law, and that appellant is entitled to the mandamus.

2. SAME.—The power to grant a license to sell liquors by retail, in any given locality, involves a discretion to refuse.

L. C. WILLIS FOR APPELLANT.

G. G. GILBERT, J. C. BECKHAM AND P. J. FOREE FOR APPELLEE.

1. The clerk of a county court can not give license to retail spirituous liquors, nor receive money therefor, until the license has been granted by the county court, whether the selling is to be done within the corporate limits of a town or elsewhere in the county. (Gen. Stats.; chapter 92, sections 1 and 10, article 5; Gen. Stats., chapter 92, section 11, article 2.)

2. The exclusive right to grant all licenses to taverns and retail liquor dealers is vested in the county court, and all provisions of town or city charters, within the counties, in reference to granting such licenses by

towns or cities, are repealed by the general law.  (Gen. Stats., chapter 92.)

3. The Legislature may revoke any authority granted a municipal corporation, when such revocation does not impair the obligation of contract. (Wolf v. New Orleans, 103 U. S., 358; Adams Ex. Co. v. City of Lexington, 7 Ky. Law Rep., 716; Adams Ex. Co. v. City of Owensboro, 8 Ky. Law Rep., 910; Gorham v. Luckett, 6 B. M., 154.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Section 27 of the charter of Shelbyville, approved March 22, 1873, is as follows: " That the Board of Trustees shall have the exclusive right to license all taverns, groceries, retailers, druggists, victualers, confectioners and houses of public resort, except gambling houses and houses of ill-fame, within the town of Shelbyville, or within one mile thereof; and such license shall only be granted at the discretion of the Board of Trustees of said town.  Any law giving the county court of Shelby county the power to grant any such license within the limits of said town, within one mile thereof, is hereby repealed.  Before any license shall be granted to keep a tavern or coffee-house, the applicant shall pay the State tax to the county clerk and execute bond in the county court, as now required by law."

As stated in his petition, appellant, with a view of applying to the Board of Trustees for license to retail spirituous, vinous and malt liquors in Shelbyville, tendered to the clerk of the Shelby County Court the amount of State tax required to be prepaid in such case, and upon his refusal to receive the money, and give a receipt therefor, this action was instituted for a writ of mandamus to compel him to do so.

It seems to us, upon that statement of facts, appellant.

was entitled to the mandamus, and it was error to sustain a general demurrer to the petition, if the section quoted be still in force and unrepealed, for, in terms, the Board of Trustees is invested thereby with the exclusive power to grant such licenses, and it is made the duty of the clerk to receive the prepayment of State tax whenever tendered by an applicant.

The principal question, then, involved in this case is whether that section of the charter has been repealed or modified by an act to amend the revenue laws of the Commonwealth, approved May 17, 1886, being chapter 92, General Statutes. If repealed at all it is by sections 1 and 10, article 5, of that act, which are as follows:

"Sec. 1. All licenses mentioned in this article, except licenses to sell by retail spirituous, vinous or malt liquors, shall be granted by the county clerk; and licenses to sell by retail spirituous, vinous or malt liquors shall be granted by the county court; but the county court shall not grant a license to sell spirituous, vinous or malt liquors until ten days' notice shall be given, by posting a written or printed notice at the door of the court-house, and at least four public places in the *neighborhood* where the liquor is to be sold; and if a majority of the legal voters in the *neighborhood* shall protest against the application, it shall be refused. The county court in each instance shall determine what constitutes a *neighborhood*."

"Sec. 10. A license granted by a city or town having authority to grant the same shall be void, and no protection to any person for any purpose unless the State license be obtained, and the State tax be paid before the grant thereof."

It is clear the part of the charter of Shelbyville, giving to the Board of Trustees power to grant license to sell liquors by retail therein, has not, in terms, been, nor was intended to be, repealed by either of the sections quoted. The peculiar provisions made, and terms used, in the first of the two sections show it was intended to apply alone to the country and sparsely-populated villages, for it is not to be supposed it was the intention of the legislature to make the granting of licenses to sell liquors in the different parts of incorporated cities and towns, which are laid off into regular civil divisions, depend upon the expressed will of a majority of legal voters within the undefined limits of what a county court may, in its discretion, determine constitutes a neighborhood in such cities and towns.

The statutes giving to the different incorporated cities and towns in the State exclusive power to grant licenses to sell liquors by retail within their respective limits, so far from being repealed by section 10, are in terms recognized as existing and left in full force—the manifest purpose of that section being simply to annex a condition to the exercise and effect of that power that will hereafter insure payment of the State tax on such licenses; and we think such is the meaning of the words " unless the State license be obtained, and the State tax be paid, before the grant thereof."

The power to grant a license to sell liquors by retail, in any given locality, involves a discretion to refuse, and, as the charter of Shelbyville not only invested the Board of Trustees with exclusive power and discretion in granting licenses to sell therein, but expressly repealed all

previous laws conferring that authority upon the Shelby
County Court, the effect of construing section 10, so as.
to reinvest the county court with the authority, even if
the language used authorized it to be done, would be to.
give to two distinct tribunals the power to grant or re-.
fuse licenses at discretion, which, obviously, would be im--
practicable, and therefore evidently not intended.

Chapter 92, General Statutes, is purely a revenue stat-
ute.   The title of it is " Revenue and Taxation," and it
is not within its purview to regulate the manner of
granting licenses to sell spirituous, vinous and malt
liquors in incorporated cities and towns, except so far as.
necessary to secure payment into the treasury of the
State tax thereon.

Article 2, section 11, chapter 92, General Statutes
(former edition), contained a provision that " a license
granted by a town or city, having authority to grant the
same, shall be void, and no protection to any person for
any purpose unless the State tax required by law be paid
before the grant thereof."   And it was decided by this
court, in Williams v. Commonwealth, 13 Bush, 304, that
as the statute did not direct to whom the State tax
should be paid, the payment of it by the applicant to the
clerk of the Board of Trustees of the town granting the
license, to be paid over by him to the trustee of the jury
fund, was proper, and all that was required by the stat-
ute as it then was.   To remedy that defect in the law, as
thus construed by this court—and it seems to us for no.
other purpose—the words " unless the State license be-
obtained " were inserted in section 10, now under consid-
eration.   And all intended to be accomplished by the.

.amendment was to prevent towns and cities collecting the State tax, and to require it to be paid, not to the .court but to the clerk of the county court. For it was not necessary, nor does section 10, directly or indirectly, .confer upon the county court power and discretion to grant licenses to sell spirituous, vinous and malt liquors in incorporated towns and cities; and as such power does not exist it is not necessary for an applicant for such license to do more than to pay the State tax required in such cases to the clerk, whose written receipt of such payment is all the State license contemplated or required by section 10.

Wherefore, the judgment in this case is reversed, and remanded for further proceedings consistent with this ·opinion.